**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 02 2013, 5:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HILARY BOWE RICKS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DENNIS TILLER,                          )
                                        )
    Appellant-Defendant,        )
                                        )
    vs.                         )   No. 49A02-1211-CR-928
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1203-FA-17297

**October 2, 2013**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**BAILEY, Judge**

Dennis Tiller appealed his convictions for two counts of Child Molesting, asserting a claim of fundamental error, specifically, that prosecutorial misconduct denied him a fair trial. According to Tiller, prejudice from the prosecutor's reference to a prior trial was not cured by the trial court's instruction to the jury that the prior trial on the same charges terminated without fault of either party. Also, Tiller claimed that the prosecutor, in closing, improperly referenced the religious faith of victim J.M. and her friend A.H., misstated the law when urging the jury to conclude that at least one witness must have lied, made an unwarranted reference to grooming of the victim, and indirectly vouched for J.M.'s credibility. He also argued that, although the trial court sustained his objections to the prosecutor's attempts to elicit irrelevant and prejudicial information, he was nevertheless prejudiced by the prosecutor's tenacity. See Tiller v. State, No. 49A02-1211-CR-928 (Ind. Ct. App. July 19, 2013).

We affirmed Tiller's convictions, concluding that, although the prosecutor's comments may properly have been more narrowly confined, they did not place Tiller in a position of grave peril so as to deny him a fair trial. See id., slip op. at 10. We did not address and resolve, as a separate issue, whether cumulative effects from the prosecutor's conduct deprived Tiller of a fair trial. He asks that we do so.

Tiller has acknowledged that the prejudice from the State's actions – considered in isolation – may not have been so great that he was placed in grave peril. However, he maintains that the cumulative effect of the "State's misconduct" requires that a new trial be granted. (Rehearing Br. at 3.) He directs our attention to a very recent decision of a panel of

2

this Court, Ryan v. State, 992 N.E.2d 776 (Ind. Ct. App. 2013), wherein the appellant successfully claimed that the prosecutor's statements in closing argument cumulatively required reversal of his convictions.

During the closing argument following Ryan's trial, the prosecutor had told the jury: "[S]he told you the truth of what happened. … You should believe her, she is credible, alone she makes the case. … She has every reason to have lied and covered from him and she didn't. … I would submit to you that you are in an incredible position to stop it and to send the message that we're not going to allow people to do this. … I want to be really clear, we are here because everyone has the right to have a jury trial. We're not here because he didn't do it, we're here because he wants to get away with it." Id. at 781. In rebuttal, the prosecutor added: "[T]hese kinds of arguments are how guilty people walk. … That's [a] classic defense attorney trick." Id. at 781-82.

The Ryan Court concluded "the prosecutor improperly commented on Ryan's constitutional right to a jury trial; improperly disparaged defense counsel, the role of defense counsel, and our system of justice; improperly urged the jury to convict Ryan for reasons other than his guilt; and improperly vouched for Z.W-B.'s truthfulness." Id. at 790. The Court rejected the State's contention that there was no fundamental error because the evidence of guilt was overwhelming, and held: "Together the cumulative effects of the prosecutor's improprieties deprived Ryan of a fair trial." Id. at 791.

Tiller urges that we likewise conclude, in his case, that cumulative effects of prosecutorial comments deprived him of a fair trial. Here, however, we were not confronted

with a situation in which the prosecutor directly vouched for witness credibility, demeaned defense counsel, urged conviction on improper grounds, or penalized Tiller's exercise of his right to a jury trial. The prosecutor in Tiller's case described J.M. and A.H. as "good Christians" and suggested that an investigation proceeded because the interviewers believed J.M. was being truthful. (Tr. 180.) Although these comments may have suggested to the jury that they evaluate J.M.'s credibility with reference to extraneous facts, the closing argument stopped short of the prosecutor offering a personal opinion of veracity or plainly asserting that a witness was telling the truth, as was the case in Ryan.

The prosecutor had advised the jury that "someone's not telling you the truth" and "you have to pick." (Tr. 182.) In light of Gantt v. State, 825 N.E.2d 874, 878 (Ind. Ct. App. 2005), the prosecutor did not accurately state the law; the jury may choose to believe all, none, or portions of the testimony of any witness. Nonetheless, the trial court accurately instructed the jury on its role.

Finally, the prosecutor had inadvertently referenced Tiller's prior trial and, in light of Tiller's concern that the jury might infer that he had previously faced similar charges, the trial court instructed the jury that the prior trial was for the "same allegations" and had ended due to no fault of either party. (Tr. 37.) This explicit instruction adequately addressed Tiller's concern.

Moreover, to the extent that Tiller has suggested he is entitled to a new trial because the prosecutor was tenacious and he was obliged to make repeated objections to exclude inadmissible evidence, our standard of review for fundamental error does not provide him

4

with the relief he seeks. <u>See</u> <u>Booher v. State</u>, 773 N.E.2d 814, 817 (Ind. 2002) (recognizing that, for a claim of prosecutorial misconduct to rise to the level of fundamental error, the defendant must also demonstrate that the misconduct made a fair trial impossible or constitutes clearly blatant violations of basic and elementary principles of due process and presents an undeniable and substantial potential for harm).

Although Tiller has demonstrated that his trial, inclusive of closing argument, was less than perfect, he has not persuaded us that the cumulative effect of the prosecutor's actions denied him a fair trial.

NAJAM, J., and BARNES, J., concur.